### DALY v. CENTRAL R. CO. OF NEW JERSEY.

(Supreme Court, Appellate Division, First Department. February 25, 1898.)

CARRIERS—INJURY TO PASSENGER—QUESTION FOR JURY.

A passenger, who was asleep when the train reached the terminal station, awoke a few moments after the other passengers had left the train, and in leaving the car, which was standing still at the time, was thrown and injured by the car being suddenly started with a jerk, without warning. *Held,* that the question of the company's negligence and liability was one of fact for the jury, and it was therefore error to dismiss the complaint.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Peter H. Daly against the Central Railroad Company of New Jersey. From a judgment dismissing the complaint and from an order denying a motion for new trial, plaintiff appeals. Reversed.

The plaintiff was a passenger upon one of the defendant's trains, which arrived in Jersey City on the evening of the 23d of June, 1895. He was asleep when the train came to a final stop. Waking up then, he found that the other passengers had left the car, whereupon he at once proceeded to alight. The car was then at a standstill. At the moment he attempted to step off, the train was suddenly backed with what he called a "jump and jounce," and he was thrown off and injured.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Gilbert D. Lamb, for appellant.
George Holmes, for respondent.

BARRETT, J. The learned trial justice dismissed the complaint on the ground that the plaintiff was given a reasonable opportunity to alight. He so ruled as matter of law. We think this was error. Whether the time here given was reasonable was, under the circumstances, a question of fact for the jury. The station in question was

terminal. There was consequently no necessity for dispatch, as in the case of temporary stoppage at a way station. At the terminus a passenger may reasonably act upon the assumption that, as the transit is ended, the train will probably remain where it is, at least for some brief period. Then, too, the car here was so crowded that many persons had to stand in the aisle. It also appeared that the other passengers had not proceeded more than 80 or 100 feet from the exit of the car before the train was suddenly backed. The jury might properly have found that the defendant's employés thus acted precipitately. These employés should have considered the situation as it was. They knew, or should have known, that such closely-packed cars could not be vacated in a moment. Upon the evidence, the jury might have found that but a few seconds elapsed from the time when the car stopped until it was started back, and that the act of the defendant's employés in starting it back when and as they did was precipitate and negligent. There was no question of contributory negligence. The train was at a standstill when the plaintiff attempted to alight, and there was absolutely nothing in the surroundings from which any sudden movement, either backward or forward, could reasonably have been anticipated. Our conclusion is that the question of the defendant's negligence in backing the train at the time, in the manner and under the circumstances disclosed, was one of fact, which should have been submitted to the jury.

The judgment and order appealed from should therefore be reversed, and a new trial granted, with costs to appellant to abide, event. All concur, except VAN BRUNT, P. J., dissenting.