PETER H. DALY, Appellant, *v.* THE CENTRAL RAILROAD COMPANY of New Jersey, Respondent.

*Negligence — what is a reasonable opportunity to leave a train is a question for the jury.*

In an action brought by a passenger on one of the defendant's trains, who, waking up at a terminal station after the other passengers had left the car and had proceeded some 80 or 100 feet from it, attempted to alight while the train was standing still, and was thrown down and injured in consequence of the train being suddenly backed, the question whether the defendant was, under the circumstances, negligent in too precipitately backing the train, should be submitted to the jury.

APPEAL by the plaintiff, Peter H. Daly, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 28th day of June, 1897, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term, and also from an order entered in said clerk's office on the 22d day of September, 1897, denying the plaintiff's motion for a new trial made upon the minutes.

The plaintiff was a passenger upon one of the defendant's trains which arrived in Jersey City on the evening of the 23d of June, 1895. He was asleep when the train came to a final stop. Waking up then he found that the other passengers had left the car, whereupon he at once proceeded to alight. The car was then at a

standstill. At the moment he attempted to step off, the train was suddenly backed with what he called a "jump and jounce" and he was thrown off and injured.

*Gilbert D. Lamb*, for the appellant.

*George Holmes*, for the respondent.

BARRETT, J. :

The learned trial justice dismissed the complaint on the ground that the plaintiff was given a reasonable opportunity to alight. He so ruled as matter of law. We think this was error. Whether the time here given was reasonable was, under the circumstances, a question of fact for the jury.

The station in question was terminal. There was consequently no necessity for dispatch as in the case of temporary stoppage at a way station. At the terminus a passenger may reasonably act upon the assumption that as the transit is ended the train will probably remain where it is at least for some brief period. Then, too, the car here was so crowded that many persons had to stand in the aisle. It also appeared that the other passengers had not proceeded more than 80 or 100 feet from the exit of the car before the train was suddenly backed. The jury might properly have found that the defendant's employees thus acted precipitately. These employees should have considered the situation as it was. They knew, or should have known, that such closely-packed cars could not be vacated in a moment. Upon the evidence the jury might have found that but a few seconds elapsed from the time when the car stopped until it was started back, and that the act of the defendant's employees in starting it back when and as they did was precipitate and negligent.

There was no question of contributory negligence. The train was at a standstill when the plaintiff attempted to alight, and there was absolutely nothing in the surroundings from which any sudden movement, either backward or forward, could reasonably have been anticipated.

Our conclusion is that the question of the defendant's negligence in backing the train at the time, in the manner and under the cir-

cumstances disclosed, was one of fact, which should have been submitted to the jury.

The judgment and order appealed from should, therefore, be reversed, and a new trial granted, with costs to appellant to abide event.

RUMSEY, PATTERSON and O'BRIEN, JJ., concurred; VAN BRUNT, P. J., dissented.

Juagment and order reversed, new trial granted, costs to appellant to abide event.