DALY v. CENTRAL R. CO. OF NEW JERSEY.

(Supreme Court, Appellate Division, First Department.   March 24, 1899.)

CARRIERS—INJURY TO PASSENGER—DIRECTING VERDICT.

A verdict is properly directed for defendant in an action against a railroad by a passenger whose unsupported testimony is that, as he was about to alight at the station, the train started, and his clothing caught on the step, and he was dragged some distance (he believed, 200 or 300 feet), when his clothing gave way, and his foot was run over; two witnesses testifying that he was not dragged at all from the station, but was on the steps while the car was being backed out, and four others agreeing that he was picked up at a certain point, one-half mile from the station, in order to reach which the train, after going in one direction, stopped, and then went in another direction, and he not having denied that he was picked up at such point.

Appeal from trial term, New York county.

Action by Peter H. Daly against the Central Railroad Company of New Jersey. From a judgment entered on a verdict directed for defendant, and from an order denying a motion for a new trial made on the minutes, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Gilbert D. Lamb, for appellant.

Robert Thorne, for respondent.

BARRETT, J. Upon a previous trial of this case the plaintiff was nonsuited. He appealed, and upon that appeal we held that the nonsuit was erroneous, and that his testimony, standing alone, was sufficient to carry the case to the jury. 26 App. Div. 200, 49 N. Y. Supp. 901. Upon the second trial, now under review, the plaintiff gave substantially the same testimony as upon the first trial. We need not repeat that testimony. Its substance will be found in the report of the previous appeal. Upon the present trial the learned trial judge, following our decision, denied the motion for a nonsuit made at the close of the plaintiff's case. The defendant then put in its evidence, which conclusively established the fact that the plaintiff was picked up at a point nearly half a mile distant from the station terminus. This point could only have been reached in the manner testified to by the defendant's witnesses. The train was backed out by its engine, and was subsequently picked up by a drill engine. It was thus pulled back more than half a mile from the station, then around a switch, and back again a considerable distance. It finally reached the point where, according to the uncontradicted testimony of six witnesses, the plaintiff was found. The plaintiff was called in rebuttal, but gave no testimony on this point. In his original testimony he stated that he was dragged out "on the yard" some distance; that he believed he was dragged about two or three hundred feet; and that then his clothing, which had been caught on the step of the car, gave way, and the wheels went over his foot. Upon this latter testimony the case for the plaintiff was certainly slight and doubtful. He was entirely unsupported by any other witness. Upon the other hand, two of the defendant's witnesses testify that he was not dragged at all from the station terminus, but was on the steps while the car was being backed. This is strongly supported by the uncontradicted testimony of four other of the defendant's witnesses, who agree as to the precise point where he was found. The plaintiff, with all this testimony before him, entirely failed to deny that he was picked up at the point in question. Thus, what must be deemed the uncontradicted evidence of the latter fact conclusively negatives the plaintiff's story as to how the accident occurred. If he attempted to alight at the station terminus, and there fell, how could he possibly have been dragged backwards and forwards to the point half a mile distant? His own story, that he was dragged some two or three hundred feet, was sufficiently improbable, though not so impossible as, standing alone, to warrant the withdrawal of its consideration from the jury. When we find, however, that he was picked up at a point half a mile distant,—a point

so situated that the car could not have been pulled back to it in a direct line,—the conclusion seems inevitable that he minimized the extent of the dragging because an admission that he had been dragged to the point where he was actually picked up would have been fatal. At the close of the case the learned trial judge directed a verdict for the defendant,—we think, correctly. A verdict for the plaintiff could not, upon such testimony, have been sustained; and, if rendered, it would have been the duty of the trial judge to set it aside. The rule is well settled that, where the weight of evidence is so decidedly preponderating in favor of one side that a verdict contrary to it would necessarily be set aside, the trial court may properly direct a verdict. Dwight v. Insurance Co., 103 N. Y. 341, 8 N. E. 654; Linkauf v. Lombard, 137 N. Y. 426, 33 N. E. 472. The case of Williams v. Railroad Co., 155 N. Y. 158, 49 N. E. 672, does not conflict with or modify this rule. In that case the plaintiff was nonsuited because the trial court did not, for somewhat obvious reasons, credit the plaintiff's testimony. The court of appeals reversed the nonsuit upon the ground that it was the province of the jury, not of the court, to say whether the plaintiff's testimony was entitled to belief. This was all that the court there held. It was not a question, therefore, of the weight of evidence or of the preponderance of testimony. The rule on the latter head was not the subject of consideration, nor was there the slightest intimation that that rule was in conflict with the general rule as to the province of a jury upon a question of credibility. In the case at bar the preponderance of testimony adverse to the plaintiff's weak and improbable story was so overwhelming that it was the plain duty of the trial judge to direct, as he did, a verdict for the defendant.

The judgment and order appealed from should therefore be affirmed, with costs. All concur.